# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| Lewis Lyon<br>527 Lahoma Dr.<br>Bartlesville, OK 74003<br><br>    Plaintiff,<br><br>v.<br><br>Receivables Management Services<br>c/o D/C, Inc., Registered Agent<br>1652 W. 5th Street<br>Ashtabula, OH 44004<br><br>    Defendant. | Case No.:<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper because Defendant resides in this judicial district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. On or around July 21, 2010, Defendant telephoned Plaintiff's mother ("Mother").

8. During this communication, Defendant failed to verify Mother's identity.

9. During this communication, Defendant disclosed the existence, nature, and amount of the debt to Mother.

10. During this communication, Mother notified Defendant that Plaintiff did not live with Mother and could not be reached via Mother's telephone number.

11. Despite having notice, Defendant telephoned Mother several times thereafter.

12. During at least one of these conversations, Mother again notified Defendant that Plaintiff did not live with Mother and could not be reached via Mother's telephone number.

13. During at least one of these conversations, Defendant again disclosed the existence, nature, and/or amount of the debt to Mother.

14. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

15. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

16. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

17. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

19. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect the debt.

## COUNT FIVE

### Invasion of Privacy by Public Disclosure of a Private Fact

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's mother.

26. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

27. The information disclosed is not of legitimate concern to the public.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

c. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By:*/s/ Richard J. Meier*
Richard J. Meier, Esq.
Jeffrey S. Hyslip, Esq.
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Tel: 866.339.1156
Fax: 312.822.1064
rjm@legalhelpers.com
jas@legalhelpers.com
*Attorneys for Plaintiff*